UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/27/16
```

R.G., *individually and on behalf of* S.G.,

Plaintiff,

-v-

FEDERATED INC., *et al.*,

Defendants.

No. 14-cv-7734 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court is Plaintiff's request for approval of a settlement of claims on behalf of his minor child, S.G.  (Doc. No. 47.)  On March 22, 2016, the Court held a hearing, pursuant to Local Civil Rule 83.2, on the fairness and reasonableness of the proposed settlement.  (*See* Minute Entry dated Mar. 22, 2016.)  At the hearing, the Court determined that the proposed settlement was in S.G.'s best interests and that Plaintiff's counsel's expenses were justified, but reserved decision with respect to attorneys' fees pending Plaintiff's counsel's supplemental submission regarding his hours spent on this case, which he did not record contemporaneously.  On March 23, 2016, Plaintiff's counsel submitted a supplemental affirmation in support of his request for attorneys' fees. (Doc. No. 54.)  For the reasons below, the Court now approves the settlement with a 5% reduction to the requested attorneys' fees in light of Plaintiff's counsel's failure to submit contemporaneous time records.

DISCUSSION

"Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action by or on behalf of a minor.  In determining whether an infant compromise should be

approved, the reviewing court 'shall conform, as nearly as may be, to the New York State statutes and rules.'"  *Campbell v. City of New York*, No. 15-cv-2088 (PAE), 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting Local Civ. R. 83.2(a)(1)).  "In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on 'whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable.'"  *Id.* (quoting *D.J. ex rel. Roberts v. City of New York*, No. 11-cv-5458 (JGK) (DF), 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012)) (citing Local Civ. R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. §§ 1205–1208).

The proposed settlement provides for a total payment of $375,000.00, from which $132,852.75 would go to Plaintiff's counsel (Doc. No. 47-1 at 2) – for expenses in the amount of $11,960.64 and fees in the amount of $120,892.11 (*id.* at 10).  As mentioned above, and for the reasons stated on the record at the March 22, 2016 hearing, the Court found that the proposed settlement is in S.G.'s best interests, and that Plaintiff's counsel is also entitled to reimbursement of $11,960.64 in expenses.

The Court now turns to the proposed attorneys' fees of $120,892.11.  (*Id.*)  "Under New York Judiciary Law § 474, whether the amount of attorneys' fees requested as part of an infant compromise proceeding is appropriate turns on whether it is 'suitable compensation for the attorney for his service . . . [on] behalf of the . . . infant.'"  *Campbell*, 2015 WL 7019831, at *4 (citation omitted).  "'[T]he Court has an independent obligation to scrutinize the appropriateness of counsel's requested compensation, so as to protect the interests of the infant client.'"  *Id.* (quoting *D.J.*, 2012 WL 5431034, at *3).  "Accordingly, contingency-fee agreements are to be treated by the Court as 'advisory only,'" *id.* (quoting *D.J.*, 2012 WL 5431034, at *3), "and the contract between an infant's attorney and legal guardian is only 'one of the elements which the

2

judge may take into consideration in fixing reasonable compensation,'" *id.* (quoting *White v. DaimlerChrysler Corp.*, 57 A.D.3d 531, 534 (2d Dep't 2008)).  "Other factors to be considered are: '(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved.'" *Orlandi ex rel. Colon v. Navistar Leasing Co.*, No. 09-cv-4855 (THK), 2011 WL 3874870, at *4 (S.D.N.Y. Sept. 2, 2011) (quoting *In re Catherine K.*, 22 A.D.3d 850, 851–52 (2d Dep't 2005)).

With respect to the first factor – time and labor required – "New York courts make their own assessments of the reasonableness of the amount of time spent on the case," and "[t]he burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987).  Indeed, under the longstanding rule in the Second Circuit, applications for attorneys' fees must "normally be disallowed unless accompanied by contemporaneous time records." *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).  And though New York state courts have not adopted this "'hard and fast rule,'" *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) (quoting *In re Karp*, 145 A.D.2d 208, 216 (1st Dep't 1989)), they have awarded less than the full amount of fees requested "where adequate contemporaneous records have not been kept." *F.H. Krear*, 810 F.2d at 1265 (collecting New York cases).  Infant compromise cases are no exception, and it is worth noting that decisions in this District have reduced contingency fees in infant compromise cases by 30% where adequate contemporaneous time records are lacking.  *See*

3

*Griffiths ex rel. Griffiths v. Jugalkishore*, No. 09-cv-2657 (LTS) (KNF), 2010 WL 4359230, at *6–
7 (S.D.N.Y. Oct. 14, 2010) (reducing infant compromise contingency fee by 30% due to absence
of contemporaneous time records), *report and recommendation adopted*, 2010 WL 4365552
(S.D.N.Y. Nov. 3, 2010); *Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373, 378–79
(S.D.N.Y. 2010) (same); *Mateo v. United States*, No. 06-cv-2647 (KNF), 2008 WL 3166974, at
*5 (S.D.N.Y. Aug. 6, 2008) (same); *see also Orlander v. McKnight*, No. 12-cv-4745 (HBP), 2013
WL 4400537, at *8 (S.D.N.Y. Aug. 15, 2013) (reducing contingency fee from one third to 30%
(i.e., by approximately 10%) due to "lacunae" in counsel's time records); *D.J.*, 2012 WL 5431034,
at *6–8 & n.8 (awarding lodestar based on 30% reduction to hours due to unreliability of
reconstructed time records, and noting that a 30% reduction to the requested contingency fee would
have produced a comparable award and would have been appropriate had no records been
submitted at all), *report and recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7,
2012).

   Plaintiff's counsel did not initially submit with the proposed settlement papers any time
records or other documentation of the hours he spent on this case, though he did submit his retainer
agreement with Plaintiff, which provides for a contingency fee of one third of any settlement
amount less expenses. (Doc. No. 47-2 at 2.) At the March 22, 2016 fairness hearing, Plaintiff's
counsel informed the Court that it is not his practice to keep time records because he bills clients
almost exclusively on a contingency fee basis.[1] In light of the importance of contemporaneous

---

[1] Plaintiff's counsel draws a distinction between personal injury cases and civil rights cases, arguing that statutory fee-shifting in civil rights cases "requir[es] the use of a billable rate and a log of hours," while the practice of using contingency fee arrangements in personal injury cases obviates the need for such records. (Doc. No. 54-1 at 7–8.) While that may ordinarily be true, the Court sees no basis, in the context of reviewing an infant compromise, for requiring time records in some cases and not in others. Regardless of whether a plaintiff claims personal injury or civil rights violations, the reviewing court must determine what portion of the proposed settlement amount constitutes "'suitable compensation for the attorney for his service . . . [on] behalf of the . . . infant.'" *Campbell*, 2015 WL 7019831, at *4 (quoting N.Y. Jud. Law § 474). And as long as "time and labor required" remains a component of that determination, *see Orlandi*, 2011 WL 3874870, at *4 (quoting *Catherine K.*, 22 A.D.3d at 851–52), contemporaneous

records in assessing the reasonableness of the requested fee, the Court directed Plaintiff's counsel

to make a supplemental submission estimating as closely as possible his time spent on this case.

(*See* Minute Entry dated Mar. 22, 2016.)  Plaintiff's supplemental submission provides a list of

estimated time entries, totaling "approximately 235 hours," which Plaintiff's counsel compiled

based on his review of "a log of entries and detailed notes" he kept contemporaneously during this

case.  (*See* Doc. No. 54-1 at 3–6.)  The Court has no reason to doubt that these reconstructed time

records represent Plaintiff's counsel's best estimate of his hours worked on this case, and nothing

in the records themselves suggests that they are wholly unreliable, other than the fact that

Plaintiff's counsel did not log his time contemporaneously.  Nevertheless, in light of the cases

cited above, the Court finds that some reduction of the requested fee is appropriate, though the

30% reduction applied in several of these cases strikes the Court as excessive in this instance.

Accordingly, the Court concludes that a 5% reduction sufficiently emphasizes the importance of

contemporaneous time records to the Court's analysis, while still providing suitable compensation

to Plaintiff's counsel for his work on this case.  *Cf. Orlander*, 2013 WL 4400537, at *8 (reducing

contingency fee by 10% where counsel's time records contained inconsistencies but "the overall

number of hours for which compensation [was] sought . . . seem[ed] generally appropriate").

Applying a 5% reduction to the requested fee of $120,892.11 yields a fee in the amount of

$114,847.50.

The Court finds the requested fee to be otherwise justified.  First, it is consistent with the

one-third contingency fee agreed to by Plaintiff (*see* Doc. No. 47-2 at 2), who confirmed his

---

time records will be important to that determination.  Even outside of the infant compromise context, the fact that an attorney working on a contingency fee basis may nonetheless find himself entitled to fee-shifting (for instance, as a discovery sanction) suggests that contemporaneous time records are, at the very least, a best practice.  *See, e.g.*, *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 82–84 (S.D.N.Y. 1994) (reducing fees requested pursuant to discovery sanctions by 30% due to absence of contemporaneous time records).

understanding of the retainer agreement at the fairness hearing (*see* Mar. 22, 2016 Fairness Hrg. Tr. at 12).   Courts in this District have widely approved one-third contingency fees in infant compromise cases. *See Campbell*, 2015 WL 7019831, at *5 (collecting cases); *see also Barretta v. NBKL Corp.*, 298 A.D.2d 539, 540 (2d Dep't 2002) (approving one-third contingency fee). Second, Plaintiff's counsel took on significant risk in accepting and prosecuting this case on a contingency fee basis, given that the subject injury took place ten years before Plaintiff's counsel became involved, and several attorneys had previously passed on the case. (*See* Mar. 22, 2016 Fairness Hrg. Tr. at 16–17.) *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438–39 (S.D.N.Y. 2014) ("The fact that counsel here worked on contingency clearly entitles them to some premium for the risk incurred. 'No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success.'" (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974))).   Third, Plaintiff's counsel has extensive experience litigating personal injury cases such as this one, and the Court finds the estimated hours worked to be reasonable and consistent with the requirements of this litigation. *See Orlandi*, 2011 WL 3874870, at *5 (crediting counsel's "twenty years of experience" in personal injury litigation in approving one-third contingency fee).   Accordingly, the Court finds that no further reduction of the requested fee is warranted.

CONCLUSION

For the reasons above, the Court approves the settlement as submitted, except it reduces Plaintiff's counsel's attorneys' fees by 5%, from $120,892.11 to $114,847.50.   The difference between these amounts ($6,044.61) shall be allocated to S.G. as provided in a separately docketed settlement authorization order.

Because the settlement resolves Plaintiff's claims, and because the Court is in receipt of a letter from Defendants informing the Court that they have settled the cross claims in this action (Doc. No. 55), IT IS HEREBY ORDERED THAT this case is dismissed with prejudice but without costs.  IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce the settlement agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:      May 26, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE